WILLIAM GROSS, T/A COLONIAL AUTO BODY, PLAINTIFF-APPELLANT, v. THE TOWNSHIP OF OCEAN, A MUNICIPAL CORPORATION, DEFENDANT-RESPONDENT, AND FAHOURY BROTHERS AUTO BODY, INC., A CORPORATION OF NEW JERSEY, T/A FAHOURY BROTHERS TOWING SERVICE, DEFENDANT.

Argued March 8, 1983—Decided March 30, 1983.

540

*Lee W. Shelly* argued the cause for appellant.

*Dennis M. Crawford* argued the cause for respondent (*Schaefer, Crawford & Hirsch,* attorneys; *Dennis M. Crawford* and *Ronald L. Lueddeke,* on the brief).

PER CURIAM.

In reversing the judgment of the Appellate Division substantially for the reasons expressed in the dissenting opinion below, 184 *N.J.Super.* 144, 157 (1982), we emphasize our impression that the defendant municipality acted in the utmost good faith in attempting to solve the perplexing problem of how best to arrange for the removal from the public streets of unregistered, disabled and illegally parked, and abandoned motor vehicles. See *N.J.S.A.* 39:3–4, *N.J.S.A.* 39:4–136, and *N.J.S.A.* 39:4–56.5.

Although the question of whether the "negative charge" public bidding device fashioned by Ocean Township is beyond the limits of municipal power is technically moot, inasmuch as the one-year period of the contract for which bids were sought has long since expired, the portentous nature of the problem creates the need for this Court to decide it. See, *e.g., In re Boardwalk Regency Corp. Casino License,* 90 *N.J.* 361, 368 (1982). Hence we record our agreement with Judge Antell's dissenting view.

Furthermore, because Ocean Township's predicament has attracted similar solutions in other municipalities and because it is a continuing and recurring problem that may not be restricted to the towing situation, we respectfully commend it to the Legislature's urgent attention. Every municipality in this state would welcome the definitive guidance that can, in the first instance, come only from that body.

Reversed. The cause is remanded to the Law Division for entry there of judgment in favor of plaintiff.

*For reversal*—Chief Justice WILENTZ and Justices CLIFFORD, SCHREIBER, HANDLER, POLLOCK, O'HERN and GARIBALDI—7.

*For affirmance*—None.